AUG 6 2025 AM 10:17
FILED - USDC - NDTX - LU

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| JOHN JOSEPH DUNN, Institutional ID No. 2405797, <br><br> Plaintiff, <br><br> v. <br><br> CHIMDI AKWITTI, <br><br> Defendant. | No. 1:22-CV-00142-H |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation that the Court grant Defendant's motion for summary judgment and dismiss Plaintiff's complaint and all remaining claims on exhaustion grounds. Dkt. No. 88. Plaintiff objected. Dkt. No. 89. As explained below, the Court overrules Plaintiff's objections and adopts the findings, conclusions, and recommendation of the Magistrate Judge.

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). In contrast, the district judge reviews any unobjected-to findings, conclusions, and recommendations for plain error.

Plaintiff first objects to the Magistrate Judge's summary of his factual allegations. He appears to assert that the Magistrate Judge omitted details and minimized the alleged unconstitutional prison conditions by describing them as "temporary." The Court need not

address this objection because it does not alter the Magistrate Judge's analysis of the defendant's procedural defense of exhaustion.

Next, Plaintiff objects to the Magistrate Judge's reliance on the summary-judgment evidence offered by the defendant. He insists that the grievance records—which show that his Step-1 grievance was returned to him on November 10, 2022—are fabricated and that the defendant is lying. He contends that, contrary to the record evidence, his Step-1 grievance was never returned to him, which rendered the Step-2 grievance procedure unavailable to him. He also argues that the defendant's records should be discredited because the date range of the provided grievance records includes dates from before he entered TDCJ.

Plaintiff's self-serving allegations are unsubstantiated, unverified, and unsworn. And it is well established that "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)). In short, Plaintiff may not create a genuine issue of material fact with unsupported allegations, especially when they lack even a declaration under penalty of perjury.

The Court conducted an independent, de novo review of the relevant portions of the record and the Magistrate Judge's report. The Court also independently examined the record and reviewed the unobjected-to portions of the Magistrate Judge's findings, conclusions, and recommendation for plain error, and found none. The Court concludes the Magistrate Judge's findings and conclusions are correct and overrules Defendant's objections. The record demonstrates beyond peradventure that Plaintiff failed to exhaust his

2

administrative remedies as required. Moreover, it shows that the process was available to him, that he understood it, and that he used it to address other matters in the months before and after the relevant period. Here, he chose to file his federal suit before completing the administrative grievance process. Thus, as thoroughly explained by the United States Magistrate Judge, the defendant is entitled to summary judgment, and Plaintiff's complaint must be dismissed for failure to exhaust.

For these reasons, the Court accepts and adopts the findings, conclusions, and recommendation of the Magistrate Judge. As a result, Defendant's motion for summary judgment is granted, and Plaintiff's complaint and all claims asserted within it are dismissed with prejudice. Any relief not expressly granted is denied, and any other pending motions are denied. *See* Dkt. No. 90.

The Court will enter judgment accordingly.

So ordered.

Dated August 6, 2025.

JAMES WESLEY HENDRIX
United States District Judge